[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This civil action was commenced by writ, summons and complaint dated March 14, 1991 and filed with the Clerk of the Court on March 22, 1991 with a return date of April 2, 1991.
The Plaintiff is a non stock corporation and brings the action on its own behalf and on behalf of all of the unit owners of the condominium.
Plaintiff is the unit owners association of a condominium known as Meadows Condominium located on Westlake Drive in Middletown.
The complaint consists of ten (10) counts alleging various breaches defects and failures.
Service of process was made on Michael F. Dowley in hand, he being the agent for service of process at 116 Washington Street, Middletown on March 15, 1991 by Deputy Sheriff Herrmann.
An Application for Prejudgment Remedy dated March 15, 1991 was granted by the Court, Hendel, J, on April 15, 1991 in the amount of $65,000.00.
The filing of a responsive pleading by the F.D.I.C. was apparently in error as the result of an incorrect docket number and is disregarded by the court.
CT Page 8535 The Defendant appeared by counsel on April 30, 1992. A motion for default for failure of the Defendant to plead dated May 2, 1992 was granted on May 14, 1992.
A motion for Judgment upon the default dated June 9, 1992 was granted by the court on July 24, 1992.
The matter having been claimed for a Hearing in Damages on June 2, 1992 the Hearing was conducted on June 24, 1992.
The Court having heard the Plaintiff's witnesses and viewed the exhibits makes the following findings based on credible, competent testimony.
On the basis of the testimony of Albert M. Griffiths a condominium manager, prior building contractor and the person who was employed by the Plaintiff to do a site tour on February, 1991 and who visited the site on various subsequent occasions, the following defects as a result of the Defendant's conduct are noted.
A. no top coating was applied to the roads and drives within the condominium complex.
B. inadequate drainage and water erosion as the result of roadway defects.
C. no rain water leaders were installed by developer.
D. improper grading of basement window wells allowing water to enter same and basements.
E. defective and unsafe installation of Bilco cellar entrance ways.
F. failure to install linear drains and curtain drains.
G. Defectively installed siding leaving open gaps allowing leaks.
H. Creation of sink holes as the result of drainage problems.
I. failure to install proper footings for supports for the decks attached to the various units all in violation of code regulations.
J. failure to treat and apply protective coatings CT Page 8536 and paint to gas pipes allowing same to deteriorate and create a hazardous condition.
K. install basement concrete floors in a negligent and defective condition and in violation of code regulations causing floors to crack and flake, insufficient depth of concrete.
L. failed to install landscaping as required, plantings, shrubs, trees, grass and resulting erosion.
M. allowed the construction site trailer to remain on the condominium premises with surrounding debris.
N. failed to properly install adequate and proper headers in the roof areas — all in violation of code.
O. installed a chimney and ended the same inside the roof creating a fire hazard and in violation of code requirements.
P. failed to have adequate and skilled supervisory personnel on the premises during construction to monitor proper construction, installation and require proper materials according to sound engineering standards and in a good and workmanlike manner.
On the basis of the testimony of Jeff Clark a resident and unit owner and President of the Board of Directors of the Plaintiff condominium.
A. a verification of the aforementioned defects testified to by Albert M. Griffiths.
B. verifies defects as to roadways, drainage, leaders, basement wells, Bilco hatchways, siding roofing and gutters, sink holes, decks and footings, gas pipes, basement floors, landscaping and a general failure to follow code regulations.
An itemized breakdown of the costs of correcting or repairing the defects was testified to by the witnesses Griffiths and Clark. The Plaintiff has expended some of its own funds to date to correct some defects.
The court finds that the Plaintiff has sustained and proven the allegations contained in its complaint by a preponderance of the evidence.
The Defendant made default of appearance at the Hearing in Damages. CT Page 8537
The Court awards the Plaintiff the sum of $184,160.00 in damages.
The Court awards the Plaintiff $3,436.57 in common charges in accordance with affidavit of debt on file.
Costs of $442.20 are allowed.
The Court allows legal fees to the Plaintiff's counsel in the amount of $5,912.50 as per affidavit on file.
AUSTIN, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk